### ELIZA C. NOBLE *vs.* CHARLES MILLIKEN.

### Kennebec. Opinion June 3, 1885.

*Innkeeper.* R. S., c. 27, § 7.

A guest at a hotel lost from her trunk a gold watch, a pair of gold bracelets, a gold thimble, three gold rings and a gold neck-pin, all of which she had taken along for her personal use. *Held,* that these articles were within the exception in R. S., c. 27, § 7, and the innkeeper was liable for their value.

ON REPORT from the superior court.

This was an action under the statute against the defendant as an innkeeper for the loss of the articles enumerated in the head-note on the tenth of September, 1880, while the plaintiff was a guest at the defendant's house, Augusta House. The plea was the general issue with a brief statement that the property lost was not of such a character as to impose any liability upon the defendant.

*S. and L. Titcomb,* for the plaintiff.

*G. C. Vose,* for the defendant.

By R. S., c. 27, § 8, an innholder against whom a claim is made for loss sustained by a guest, may, in all cases, show that such loss is attributable to the negligence of the guest.

We submit that the plaintiff was guilty of what in law is to be (under the circumstances of this case) regarded as negligence in carrying in an ordinary trunk, such property as that, for the alleged loss of which compensation is claimed in this action.

In *Fowler* v. *Dorlon,* 24 Barb. 384 and *Trieber* v. *Burrows,* 27 Md. 130, the court held that if a guest carries a large sum of money in his valise, and conceals the fact from the innkeeper, and allows the valise to be treated as mere baggage, he is guilty of gross negligence.

Again sec. 7 of the same chapter provides as follows, viz. :

"Innholders are not liable for losses sustained by their guests, except for wearing apparel, articles worn or carried upon the person to a reasonable amount, personal baggage, and money necessary for traveling expenses and personal use, unless upon delivery or offer of delivery, by such guests, of their money, jewelry, or other property, to the innholder, his agent or servants, for safe custody."

The articles lost cannot be considered wearing apparel. Nor as articles worn or carried upon the person. They might be so worn, it is true, but it is just this the plaintiff did not do. Had she done so they would not have been lost. The defendant is liable for such property worn or carried upon the person, but not when carried as in this case. Neither as personal baggage nor money necessary for traveling expenses. A proper sum of money is classed as personal baggage by this court in 74 Maine, 225.

EMERY, J. In section 7, of chap. 27, R. S., limiting the liability of an innholder for losses sustained by his guest, there are specified the following exceptions : "Wearing apparel, articles worn or carried upon the person to a reasonable amount, personal baggage and money necessary for traveling expenses and personal use." The plaintiff lost from her trunk at the defendant's inn, among other articles the following, one gold watch, valued at fifty dollars ; one pair of gold bracelets, valued at sixty-five dollars ; one gold thimble valued at eight dollars ; one gold ring valued at twenty dollars ; one gold ring valued at five dollars ; one hair ring (gold mounted) valued at eight dollars and one gold neck-pin valued at two dollars. The only question is whether the articles enumerated are within the exception in the statute.

From the case it seems that all these articles were taken along by the plaintiff for her personal use, and for no other purpose. They were not merchandise, nor business articles. They were not taken along simply for transportation of them. They were such articles as she might properly use daily, while traveling, or resting. The amount does not appear to be unreasonable in view

of the plaintiff's situation. Such articles we think are within the exception. *Macrow* v. *Great Western R. R. Co.* L. R. 6 Q. B. 612; *Bruty* v. *Grand Trunk R. R. Co.* 32 Upper Canada, 66 and cases there cited.

The plaintiff's trunk, and pocket-book were damaged to the amount of five dollars.

*Judgment for plaintiff for one hundred and sixty-three dollars and interest from date of the writ.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and FOSTER, JJ., concurred.